IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CRAIG MOSKOWITZ, individually and on behalf of all others similarly situated, | : |
| Plaintiff, | : Case No.: 14-6010 |
| v. | : **CLASS ACTION COMPLAINT** |
| PULLIN LAW FIRM, P.C., a New York corporation, | : **JURY TRIAL DEMANDED** |
| Defendant. | : |

Plaintiff Craig Moskowitz ("Plaintiff"), through his undersigned counsel, brings this putative class action complaint individually and on behalf of all others similarly situated. Plaintiff seeks to stop the unlawful practice by Defendant Pullin Law Firm, P.C. ("Defendant") of making unsolicited text message calls to cellular telephones, and to obtain redress for all persons injured by their conduct. Plaintiff, for his class action complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF ACTION

1. In a misguided effort to offer legal services to financially vulnerable consumers, Defendant engaged in an invasive and unlawful form of marketing: the unauthorized transmission of advertisements in the form of "text message" calls to the cellular telephones of consumers throughout the country.

2. By making these unauthorized text message calls (hereinafter, "wireless spam" or "SMS messages"), Defendant has violated consumers' statutory rights and has caused consumers

actual harm, not only because consumers were subjected to the aggravation and invasion of privacy that necessarily accompanies wireless spam, but also because consumers frequently have to pay their cell phone service providers for the receipt of such wireless spam.

3. In order to redress these injuries, Plaintiff, on behalf of himself and a nationwide class of similarly situated individuals, brings this suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), which prohibits, among other things, unsolicited voice and text calls to cell phones.

4. On behalf of the class, Plaintiff seeks an injunction requiring Defendant to cease all wireless spam activities, and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## PARTIES

5. Plaintiff Craig Moskowitz is an individual residing in Stamford, Connecticut. Plaintiff was the primary user of the cellular telephone to which Defendant sent wireless spam without his prior express consent and is a member of the class defined herein.

6. Defendant Pullin Law Firm, P.C. is a New York professional corporation, with a principal place of business, as per the New York Secretary of State, in Woodbury, New York.

## JURISDICTION AND VENUE

7. The Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, specifically the TCPA, 47 U.S.C. § 227, *et. seq.*

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendant resides in this District and because a substantial part of the conduct giving rise to the claim in this matter originated in this District.

9. The Court has personal jurisdiction over Defendant because it is authorized to conduct business, and does conduct business, in New York under the auspices of a New York professional corporation. In public filings, Defendant identifies its principal place of business as located in Woodbury, New York.

10. By residing in New York, engaging in business in New York, and by engaging in the text message marketing scheme as described herein by sending text messages to individuals in New York and elsewhere throughout the country, it is reasonable for Defendant to expect to be haled into Court in this District, and doing so does not offend traditional notions of fair play and substantial justice.

## COMMON ALLEGATIONS OF FACT

11. In recent years, marketers who have felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and e-mail have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

12. One of the newest types of such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

13. An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received.

14. Unlike more conventional advertisements, wireless spam invades privacy and can actually cost its recipients money because cell phone users like Plaintiff must frequently pay

3

their respective wireless service providers either for each SMS message they receive or incur a usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

15. Starting at least as early as July 2013, Defendant directed the mass transmission of wireless spam to the cell phones nationwide of what it hoped were potential customers of Defendant's services.

16. For instance, on or about July 9, 2013, Plaintiff's cell phone rang, indicating that an SMS message was being received from Defendant.

17. The body of such text message read:

> Breaking News! Allan Pullin Esq: Fannie Mae agrees to 11.6 Billion Settlement. Call me to see how this effects YOUR home loan terms, My#: 800-867-2790

18. Allan Pullin, the individual identified in the above unauthorized text message, is an attorney currently registered as practicing law in New York at Defendant Pullin Law Firm, P.C. and, on information and belief, is Defendant's sole owner and/or member.

19. Similar unsolicited text message calls, which did not contain any industry standard opt-out language and which were clearly impersonal in nature and designed for a mass audience, were made to Plaintiff and other putative class members by Defendant.

20. Defendant made these *en masse* unsolicited text message calls using an automatic telephone dialing system, also known as an "auto-dialer." The auto-dialer used by Defendant had the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers. Upon information and belief, Defendant used this auto-dialer to distribute its wireless spam *en masse* to individuals and entities in New York and elsewhere throughout the United States.

21. At no time did Plaintiff consent to the receipt of the above-referenced text

4

message or any other text message from Defendant.

22.  Upon information and belief, Defendant sent and continues to send this and other wireless spam without verifying whether any of the recipients of such unsolicited text messages have provided prior express consent to receive the same.

## CLASS ALLEGATIONS

23.  Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of himself and a class consisting of all persons in the United States who were sent at least one text message from Defendant without providing prior express consent to be sent such text message (the "Class").

24.  On information and belief, there are hundreds, if not thousands, of members of the Class such that joinder of all members would be impractical.

25.  There are multiple questions of law and/or fact common to the Class, and these common issues predominate over any issues involving only individual Class members.  Common factual and/or legal issues include but are not limited to:

    a.  Whether Defendant and/or its agents sent one or more text messages to the Class;

    b.  Whether the text messages Defendant distributed violated the TCPA;

    c.  Whether the wireless spam distributed by Defendant violated the standards for attorney solicitation and/or advertisement set forth in the New York Rules of Professional Conduct;

    d.  Whether Defendant and/or its agents used an automatic telephone dialing system to transmit the text messages at issue;

    e.  Whether the Class members are entitled to treble damages based upon the

       willfulness of Defendant's conduct;

  f.    Whether Defendant's conduct described herein violated the Class' right to privacy; and

  g.    Whether Defendant should be enjoined from engaging in such conduct in the future.

26. Plaintiff's claim is typical of those of the other Class members, and the factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class are the same.

27. Plaintiff will fairly and adequately protect the interests of the class. He has retained competent counsel experienced in handling actions involving unlawful practices under the TCPA and in class actions generally. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class.

28. Defendant has acted or failed to act on grounds generally applicable to the Plaintiff and the other members of the Class in transmitting the wireless spam at issue, resulting in harm to all members of the Class, and requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class.

29. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because, among other things: (a) joinder of all members of the Class is impracticable; (b) absent a class action, most members of the Class would be unable to vindicate their rights by individual lawsuits because damages would be small relative to the expense and burden of litigating individual actions.

## COUNT I
**(Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*)**

30. Plaintiff hereby incorporates by reference the foregoing allegations as if fully set forth herein.

31. Defendant made unsolicited commercial text calls, including the message referenced in paragraph 17, to the wireless cellular telephone numbers of Plaintiff and the Class.

32. Each such text message call was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator and to dial such numbers.

33. These text message calls were made *en masse* without the prior express consent of the Plaintiff and the other members of the Class to receive such text messages.

34. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the Class members have had their privacy rights violated, have suffered actual and statutory damages, and under 47 U.S.C. § 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA, and an injunction to prevent further violations.

35. Because Defendant had or should have had knowledge that Plaintiff and the Class did not provide prior express consent to be sent the wireless spam at issue, the Court should, pursuant to section 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff and the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Craig Moskowitz, on behalf of himself and the Class, prays for the following relief:

    A.    An order certifying the Class as defined above;

    B.    An award of statutory damages;

    C.    An injunction requiring Defendant to cease all wireless spam activities;

    D.    An award of reasonable attorneys' fees and costs; and

    E.    Such further and other relief as the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: October 14, 2014

Respectfully submitted,

CRAIG MOSKOWITZ, individually and on behalf of all others similarly situated

By: /s/ Matthew J. Fogelman
Matthew J. Fogelman
Fogelman & Fogelman, LLC
305 Madison Avenue, Suite 936
New York, New York 10165
Tel: (617) 559-1530
mjf@fogelmanlawfirm.com

Leonard Law Office, P.C.
63 Atlantic Avenue, 3rd Floor
Boston, Massachusetts 02110
Tel: (617) 329-1295
Pleonard@theleonardlawoffice.com

*Counsel for Plaintiff and the Putative Class*