

**MATTHEW J. FOGELMAN**
EMAIL: MJF@FOGELMANLAWFIRM.COM

100 WELLS AVENUE, NEWTON, MA 02459
PHONE: 617.559.1530 FAX:617.505.1540

October 15, 2014

<u>Via ECF</u>

Honorable Leonard D. Wexler
Honorable Magistrate A. Kathleen Tomlinson
Room 940 and Room 910
U.S. District Court, Eastern Dist. of New York
100 Federal Plaza
Central Islip, NY 11722

Re: *Moskowitz v. Pullin Law Firm, LLC*, No. 2:14-cv-06010-LDW-AKT

Dear Judges Wexler and Tomlinson:

     I am an attorney representing the Plaintiff, Craig Moskowitz, and the proposed Class members, in the above-captioned matter.  On October 15, 2014, the day after the filing of his Class Action Complaint, Plaintiff filed a motion for class certification and for a temporary stay of further proceedings on that motion (the "Motion").  I am writing this letter to explain why Plaintiff filed such a Motion at this early juncture without requesting a pre-motion conference.

     Plaintiff made his Motion at the inception of this class action litigation in an effort to avoid any controversy that could potentially arise if the Defendant were to make an offer of judgment pursuant to Fed.R.Civ.P. 68 prior to Plaintiff's filing of a class certification motion.  As explained in greater detail in Plaintiff's Memorandum in Support of his Motion, the Third, Fifth, Ninth, and Tenth Circuits have ruled that an offer of judgment for the full amount of a plaintiff's individual claims does <u>not</u> render a plaintiff's class claims moot.  However, the Seventh Circuit has ruled that such an offer does render the plaintiff's class claims moot, although the Seventh Circuit also ruled that a plaintiff can avoid a defendant's "pick off" attempts by filing a class certification motion at the inception of the case, prior to such an offer being made — the precise step taken by Plaintiff here.  *See Damasco v. Clearwire Corp.*, 662 F.3d 891, 894-96 (7th Cir. 2011).  The Second Circuit has yet to rule on this issue.

     To the extent that this Court were to choose to follow the Seventh Circuit's approach, Plaintiff would be at risk of having his class claims mooted if he requested a pre-motion conference and then Defendant made a Rule 68 offer of judgment prior to the filing of the motion papers.  Other courts have understood this specific Rule 68 dilemma posed by application of the Seventh Circuit's approach, and have declined to enforce such pre-motion local rules.  *See Bais Yaakov of Spring Valley v. Varitronics, LLC et al*,

October 15, 2014

No. 7:14-cv-3083(CS)(LMS) (S.D.N.Y) (May 6, 2014 Memo Endorsement waiving pre-motion conference requirements and staying all further proceedings on the plaintiff's motion for class certification); *Astor Professional Search, LLC v. Megapath Corp.*, No. 12-cv-2313, 2013 WL 1283810, *1 n.4 (N.D. Ill. 2013) ("Although Northern District of Illinois Local Rule 78.2 permits the court to deny a motion that is not properly noticed for presentment, the court declined to do so here.  [Plaintiff] filed its motion for class certification pursuant to [*Damasco*], which allows class action plaintiffs to preserve their class claims by moving to certify the class at the same time they file their complaint.")

Plaintiff's counsel would welcome the opportunity to participate in a pre-hearing conference with the Court about this motion.

Plaintiff's counsel will arrange for service of this letter, along with the motion papers and the Summons and Complaint, upon Defendant.  As per this Court's individual rules, Plaintiff will send courtesy copies of Plaintiff's Motion and related papers under separate cover.

    Sincerely,

    /s/ Matthew J. Fogelman
    Matthew J. Fogelman