UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

CRAIG MOSKOWITZ, individually and on behalf of          Case No.: 14-6010
all others similarly situated,

                        Plaintiff,          **ANSWER**

      -against-

PULLIN LAW FIRM, P.C., a New York corporation,

                        Defendant.

--------------------------------------------------------------------X

        Defendant, Pullin Law Firm, P.C. (collectively, "Defendant"), by its attorneys, L'Abbate, Balkan, Colavita & Contini, L.L.P., as and for its answer to the class action complaint (the "Complaint") of plaintiff, Craig Moskowitz ("Plaintiff"), sets forth as follows:

        1.     Denies each and every allegation contained in paragraph designated "1" of the Complaint.

        2.     Denies each and every allegation contained in paragraph designated "2" of the Complaint.

        3.     Denies each and every allegation contained in paragraph designated "3" of the Complaint.

        4.     Denies each and every allegation contained in paragraph designated "4" of the Complaint.

        5.     Denies each and every allegation contained in paragraph designated "5" of the Complaint, except denies knowledge or information sufficient to form a belief as to Plaintiff's residence.

6.     Admits each and every allegation contained in paragraph designated "6" of the Complaint.

7.     With respect to paragraph designated "7" of the Complaint, Defendant refers all questions of law to the Court for a determination of same.

8.     With respect to paragraph designated "8" of the Complaint, Defendant refers all questions of law to the Court for a determination of same.

9.     With respect to paragraph designated "9" of the Complaint, Defendant refers all questions of law to the Court for a determination of same.

10.     Denies each and every allegation contained in paragraph designated "10" of the Complaint, and refers all questions of law to the Court for a determination of same.

11.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "11" of the Complaint.

12.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "12" of the Complaint.

13.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "13" of the Complaint.

14.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "14" of the Complaint.

15.     Denies each and every allegation contained in paragraph designated "15" of the Complaint.

16.     Denies each and every allegation contained in paragraph designated "16" of the Complaint.

17.     Denies each and every allegation contained in paragraph designated "17" of the Complaint, and refers the Court to the original text message for a complete and accurate statement of its contents.

18.     Denies each and every allegation contained in paragraph designated "18" of the Complaint, except admits that Allan Pullin is an attorney licensed to practice in the State of New York, and is the sole owner of Pullin Law Firm, P.C.

19.     Denies each and every allegation contained in paragraph designated "19" of the Complaint.

20.     Denies each and every allegation contained in paragraph designated "20" of the Complaint.

21.     Denies each and every allegation contained in paragraph designated "21" of the Complaint.

22.     Denies each and every allegation contained in paragraph designated "22" of the Complaint.

23.     Denies each and every allegation contained in paragraph designated "23" of the Complaint.

24.     Denies each and every allegation contained in paragraph designated "24" of the Complaint.

25.     Denies each and every allegation contained in paragraph designated "25" of the Complaint.

26.     Denies each and every allegation contained in paragraph designated "26" of the Complaint.

27.    Denies each and every allegation contained in paragraph designated "27" of the Complaint.

28.    Denies each and every allegation contained in paragraph designated "28" of the Complaint.

29.    Denies each and every allegation contained in paragraph designated "29" of the Complaint.

## ANSWERING COUNT I OF THE COMPLAINT

30.    With respect to paragraph designated "30" of the Complaint, Defendant repeats, reiterates and realleges each and every denial and admission set forth in paragraphs designated "1" through "29."

31.    Denies each and every allegation contained in paragraph designated "31" of the Complaint.

32.    Denies each and every allegation contained in paragraph designated "32" of the Complaint.

33.    Denies each and every allegation contained in paragraph designated "33" of the Complaint.

34.    Denies each and every allegation contained in paragraph designated "34" of the Complaint.

35.    Denies each and every allegation contained in paragraph designated "35" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

36.    Plaintiff has failed to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

37.     Plaintiff's claims are barred by the applicable Statute of Limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

38.     Any text messages received by Plaintiff as alleged in the Complaint, were sent with Plaintiff's prior express consent.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

39.     Any text messages received by Plaintiff as alleged in the Complaint, were not sent with an "automated telephone dialing system," as defined under the Telephone Consumer Protection Act.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

40.     Plaintiff is unable to demonstrate the prerequisites to a class action.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

41.     Plaintiff is unable to demonstrate that a class action is maintainable.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

42.     Defendant did not direct or control the manner or means by which the text messages were allegedly sent to Plaintiff.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

43.     Plaintiff is not a proper representative of the purported class.

**WHEREFORE**, Defendant demands judgment dismissing the Complaint, together with the costs and disbursements of this action, plus such other and further relief as this Court may deem just and proper.

Dated: Garden City, New York
      December 1, 2014

<div style="margin-left: 40%;">

Yours, etc.,

L'ABBATE, BALKAN, COLAVITA
  & CONTINI, L.L.P.

By: _____
Matthew J. Bizzaro
Attorneys for Defendant
Pullin Law Firm, P.C.
1001 Franklin Avenue, 3rd Floor
Garden City, NY 11530
(516) 294-8844

</div>

TO:   Matthew J. Fogelman, Esq.
      Fogelman & Fogelman, LLC
      Attorneys for Plaintiff
      305 Madison Avenue, Suite 936
      New York, NY 10165
      (617) 559-1530

      Leonard Law Office, P.C.
      Attorneys for Plaintiff
      63 Atlantic Avenue, 3rd Floor
      Boston, MA 02110
      (617) 329-1295